Dawson v. Mack.

---

## W. C. DAWSON, Respondent, v. AUGUSTUS MACK, Administrator, Appellant.

**Kansas City Court of Appeals, December 3, 1900.**

Appellate Practice: FAULTY ABSTRACT: APPEAL DISMISSED. Where appellant's abstract is faulty in the essential requirements prescribed by the statute and the rules, the appeal will be dismissed.

Appeal from the Caldwell Circuit Court.—*Hon. E. J. Broaddus*, Judge.

APPEAL DISMISSED.

*Wm. McAFee* for appellant.

Brief filed on merits.

*Crosby Johnson* for respondent.

(1)   The abstract must set forth so much of the record

in the cause as is necessary to an understanding of all questions for decision. Craig v. Scudder, 98 Mo. 664; Long v. Long, 96 Mo. 180; Shaw v. Bryan, 39 Mo. App. 523; Bensberg v. Turk, 40 Mo. App. 227. (2) Unless there is a clear and concise statement of the case in the abstract, the appeal will be dismissed. Mills v. McDaniels, 59 Mo. App. 331; Brown v. Murray, 53 Mo. App. 184; Murrell v. McGuigan, 148 Mo. 334; Cunningham v. Railway, 110 Mo. 208; West v. Burney, 71 Mo. App. 271; Quarry Co. v. Construction Co., 72 Mo. App. 478. (3) Where the grounds of review are based on matters of exception, the abstract must show that there was a bill of exceptions, and that it was filed, and filed in due time. Hohstadt v. Daggs, 49 Mo. App. 157; Hanauer v. B. & M. Co., 64 Mo. App. 661; State v. Hunter, 152 Mo. 569.

GILL, J.—Owing to the very faulty condition of the abstract presented by the appellant we are unable to consider this appeal on its merits. The respondent has pointed out many defects, any of which are fatal. Our attention is called to the fact that no part of the record proper is embodied in the so-called abstract; no verdict or judgment is set forth; it fails to show that any bill of exceptions was allowed or filed; neither is it shown that the motion for new trial was ever passed on by the lower court or that any exceptions were saved in relation thereto; no statement of the case appears in the so-called brief or abstract as required by section 863, Revised Statutes 1899. In short, no attention has been paid to the plain requirements of the statute and rule 15 of this court.

Respondent's counsel has cited many of the numerous decisions by the appellate courts of this state relative to these matters.

The appeal must be dismissed. All concur.